```
 1                      UNITED STATES DISTRICT COURT
                        EASTERN DISTRICT OF NEW YORK
 2

 3   -------------------------------X
                                    :
 4   UNITED STATES OF AMERICA        :   14-CR-277 (DLI)
                                    :   14-M-274
 5              v.                   :
                                    :   March 25, 2014
 6   M.D. SYED IMRAN AHMED,          :   Brooklyn, New York
                                    :
 7              Defendant.           :
     -------------------------------X
 8

 9          TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
                 BEFORE THE HONORABLE MARILYN D. GO
10                 UNITED STATES MAGISTRATE JUDGE

11
     APPEARANCES:
12

13   For the Government:         United States Attorney's Office
                                 BY:  TURNER BUFORD, ESQ.
14                               Assistant United States Attorney
                                 271 Cadman Plaza East
15                               Brooklyn, New York  11201

16

17   For the Defendant:          DOUGLAS M. NADJARI, ESQ.
                                 Ruskin, Mouscou, Faltischek, P.C.
18                               1425 RXR Plaza
                                 Uniondale, New York  11556
19

20
     Court Transcriber:          CARLA NUTTER
21                               TypeWrite Word Processing Service
                                 211 N. Milton Road
22                               Saratoga Springs, New York  12866

23

24

25


     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

                                                                  2
1              THE CLERK:   Okay.  Criminal Cause for Arraignment on
2    a complaint, USA v. Syed Ahmed, 14-M-274.
3              Counsel, your name for the record, please.
4              MR. NADJARI:   Douglas Nadjari.
5              MR. BUFORD:   Good afternoon, Your Honor.
6              Turner Buford for the United States.
7              THE COURT:   Good afternoon, counselors.  Good
8    afternoon, Mr. Ahmed.
9              Now, Mr. Nadjari, have you received a copy of the
10   complaint in this matter and discussed with your client the
11   charges set forth therein concerning Medicare fraud?
12             MR. NADJARI:   I have, Your Honor.
13             THE COURT:   So do you understand the nature of the
14   charges against you, Mr. Ahmed -- I guess your Dr. Ahmed.
15             THE DEFENDANT:   [No audible response].
16             Now, I understand you're seeking to have the question
17   of bail put over until tomorrow?
18             THE CLERK:   Friday, Judge.
19             THE COURT:   Until Friday, Mr. Nadjari?
20             MR. NADJARI:   Friday, Your Honor.
21             I'd like to make a brief argument today.  I think
22   that my client should be released.  I know the government's
23   position is that he should be held.
24             THE COURT:   I have to say, I read the government's
25   memorandum and given the substantial amount of assets that were

3

1  transferred outside of this country and Mr. Ahmed's strong
2  ties, I'm not -- I wouldn't be prepared to release him without
3  a substantial bail package.  It may not be an entirely
4  unbailable case but you would have to make a very strong
5  showing.
6          MR. NADJARI:  May I be heard briefly, Your Honor?
7          THE COURT:  All right.
8          MR. NADJARI:  We took a careful look at the complaint
9  and despite the large numbers that we're talking about as far
10 as monies that were paid -- monies that were billed -- we're
11 talking about less than $15,000.00 or $16,000.00 that was
12 actually paid to the doctor from the Medicaid program with
13 respect to the three patients listed, number one.  Number two,
14 Medicaid has a fee schedule regardless of what you pay or what
15 you bill; you will be paid in line with that fee schedule.
16 Third, the Medicaid program has audit functions that
17 automatically take a look and collect data, analyze data with
18 respect to aberrant billing patterns and he was not spotted as
19 somebody who bills in an aberrant fashion.
20          Incision and drainage codes are codes that are used
21 by surgeons or else they're used by dermatologists.  They're
22 for benign -- conditions of benign procedures and often
23 patients don't know what an incision and drainage is and
24 they're asked if they've had surgery, they say they didn't have
25 surgery.  In fact, certain codes that are used by

4

1 dermatologists for Acne are incision and drainage and
2 searchable codes.
3 As far as the money goes, he's a U.S. citizen, he
4 transferred money before he was interviewed by the government.
5 he transferred money after he was interviewed by the
6 government. The transfer of money was transparent. He never
7 accessed the money. He knew that he was the subject at the
8 very least of an investigation since last September. He could
9 have left and never did leave. He has no assets to go anywhere
10 now; he's voluntarily surrendered his passport. His bank
11 accounts have been attached. There has been an action brought
12 in Pakistan to seize those assets.
13 There is no place for him to go. He has a seven year
14 old son who is autistic. He owns his own home. He came here
15 from Pakistan to be here and not to go back and there is really
16 no reason why he would not be a good candidate for home
17 detention.
18 We're talking about $16,000.00 in payments made by
19 the government.
20 MR. BUFORD: Your Honor, there are six patients that
21 are specified in the complaint, not just three. The total paid
22 amount, I think, is well over $500,000.00, closing in on a
23 million dollars. The total billed amount where the specific
24 patients identified in the complaint is well over $6 million
25 and the pattern of billing identified in the complaint is

                                                                 5

1    repeated throughout the claims history for the defendant.
2              For the incision and drainage procedures, most of the
3    codes used by the defendant are classified by Medicare as
4    having a ninety day global period which is a rough proxy for
5    the estimated recovery time associated with the procedures.  So
6    these are major surgical procedures and as identified in the
7    complaint, the defendant is alleged to have performed hundreds
8    of these on a single patient in approximately a four month
9    period and that's not a unique situation.
10             The defendant has strong ties to Pakistan.  He was
11   born there.  His parents reside there as I understand it.  He
12   travels there frequently, went to medical school and college
13   there and although the defendant had previously wired money to
14   Pakistan before he was interviewed by the agents in this case
15   in September, the amounts that were transferred were
16   approximately $10,000.00 at a time.  After the agents
17   interviewed him -- six days after they interviewed him he
18   transferred $2 million to Pakistan.
19             Given the substantial charges in the complaint, Your
20   Honor, the defendant has a strong incentive to flee and he's
21   equipped himself with the means to live abroad in his home
22   country.
23             THE COURT:  All right.  I certainly agree based on my
24   read of the complaint and, unfortunately, I'm not in a position
25   due to all the cases I've heard since the time I read the

6

1  complaint earlier today but it does strike me as a more
2  substantial Medicare fraud than what you've characterized, Mr.
3  Nadjari, and as I've said, I'm not ruling out the possibility
4  of bail but I'm not prepared to release him absent a
5  substantial bail package so I'll certainly give you the
6  opportunity to present a bail package and I understand you're
7  prepared to do so on Friday.
8          MR. NADJARI:  We'll put that on Friday at eleven.
9  Yes, Your Honor.
10         THE COURT:  Okay.
11         MR. BUFORD:  Your Honor, it's my understanding that
12 the defendant is going to waive the preliminary hearing but I
13 don't know for sure.
14         MR. NADJARI:  Defendant is waiving the preliminary.
15         THE COURT:  You've discussed that with your client?
16         You have?
17         MR. NADJARI:  Yes.
18         THE COURT:  Okay.
19         MR. BUFORD:  One last point, Your Honor.
20         We'd just like to confirm for the record the
21 inventory of items that were seized.
22         I don't know if you've had a chance to look at it.
23         MR. NADJARI:  I can't even read it, Your Honor.
24         All I can read is the driver's license and passport.
25         THE COURT:  [Inaudible].

```
                                                                    7
 1              THE CLERK:   Okay.   Thank you.   See you Friday, guys.
 2         Here's the temporary.
 3                              *  *  *  *  *
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

```
                                                                    8
 1                            * * * * *
 2       I certify that the foregoing is a transcript from an
 3   electronic sound recording of the proceedings in the above-
 4   entitled matter.
 5                                    [signature]
 6                           _____
 7                                    CARLA NUTTER
 8
 9   Dated:  June 27, 2014
10
11
12
...
25
```